UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMIE MUSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:20-cv-00145-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN LAWSON, Jailer, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Plaintiff Jamie Muse is a pretrial detainee currently confined at the Whitley County

Detention Center ("WCDC") located in Williamsburg, Kentucky.  Proceeding without an

attorney, Muse has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant

Brian Lawson, Jailer at the WCDC [R. 1] and a motion to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915(a) [R. 2].  The Court has reviewed Muse's motion and supporting

documentation [R. 3] and will grant the request on the terms established by 28 U.S.C. § 1915(b).

Because Muse has been granted *pauper* status in this proceeding, the $50.00 administrative fee is

waived.  District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Muse's complaint pursuant to 28 U.S.C.

§§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir.

1997).  The Court evaluates Muse's complaint under a more lenient standard because he is not

represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321

F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts Plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Even so, the complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  *See also* Fed. R. Civ. P. 8.  In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 555.  Thus, vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient.  *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Muse's Complaint brings a claim based on allegations that he has been restricted in his access to legal materials, as well as Eighth Amendment claims related to allegations of inadequate prison conditions.  With respect to his legal materials claim, Muse alleges that since he has been incarcerated at the WCDC beginning in February 2019, he has made numerous requests to receive his criminal discovery package in order to "properly prepare" for his defense. He states that, although the discovery package is at WCDC, he has been told that he is not allowed to have it, but instead he may only review it for no longer than 20 minutes, which he states is inadequate.  He further states that, although he has requested other legal materials, he is told that none are available.  He claims that this violates his right to access a law library or legal materials.

With respect to his prison conditions claims, Muse alleges that the WCDC is overpopulated and the living environment is inadequate.  He further states that he is "[illegible]

and I have not had it for last 6 months," [R. 1 at 3] and that the inmates have access to only one toilet and one shower.  Muse alleges that inmates are in constant fear of backlash and repercussions if they make complaints or grievances.  Based on these allegations, he claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.

However, the Court has reviewed Muse's Complaint and concludes that it must be dismissed without prejudice for failure to state a claim for which relief may be granted.  As an initial matter, he has failed to plead a viable claim against the only named Defendant, Jailer Brian Lawson.  While Muse does not indicate whether he seeks to pursue his claims against Lawson in his official or individual capacity, he fails to adequately allege a claim against Lawson in either capacity.

An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted).  Thus, to the extent that Muse seeks to bring claims against Lawson in his "official" capacity as an employee of Whitley County, such claims are construed as civil rights claims against the county.

However, Muse does not assert that any of the actions alleged in his complaint were taken pursuant to an established policy of Whitley County.  Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff

3

must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).  Muse points to no such policy in his Complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Muse's claims fare no better if they are construed against Lawson in his individual capacity.  Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  To be sure, "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant," *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

4

Muse's Complaint makes no allegation at all of any conduct by Lawson, much less allege that Lawson was personally involved in conduct that violated Muse's constitutional rights.  To the extent that Muse seeks to hold Lawson responsible for the conduct of his employees, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, the plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action.  *Polk County*, 454 U.S. at 325-26.  Because Muse does not allege that Lawson was personally involved in any conduct that violated Muse's constitutional rights, his claims against Lawson in his individual capacity fail.

Muse's claims also fail on substantive grounds.  To the extent that Muse claims that he has been denied access to his legal materials, this is, in essence, a claim alleging that he was denied access to the courts.  The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, the concern is "a right of access *to the courts*, not necessarily to a prison law library."  *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original).  *See also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library).  Moreover, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

5

assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351

(1996).  Rather, to establish a claim that the jail has interfered with his right of access to the

courts, a prisoner must show actual injury to a nonfrivolous claim.  *Id*. at 353-55.

While Muse complains that he has not been allowed unrestricted access to his criminal

discovery packet, a review of the state court record shows that Muse is currently represented by

counsel in his state criminal proceedings in the Circuit Court of Whitley County,

Kentucky.  *Commonwealth v. Muse*, No. 19-CR-00088 (Whitley Cir. Ct. 2019).[1]  The United

States Court of Appeals for the Sixth Circuit has held that, where counsel is appointed to

represent the prisoner plaintiff in his criminal action pending against him, as a matter of law, the

state has fulfilled its constitutional obligation to provide him with full access to the courts.  *Holt*

*v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

Nor does Muse have a First Amendment right to meaningful access to the courts with

respect to efforts to represent himself in his criminal case.  By its terms, the right of access to the

courts extends only to an inmate's direct criminal appeal, habeas corpus applications, and civil

rights claims related to the conditions of confinement.  *Lewis*, 518 U.S. at 354-55.  It does not

apply to a *pro se* defendant's efforts to represent himself at his criminal trial.  *United States v.*

*Smith*,  907 F. 2d 42, 44 (6th Cir. 1990) (rejecting contention that either the First or the Sixth

Amendment require that a criminal defendant who waives his Sixth Amendment right to counsel

is entitled to an adequate law library to satisfy his constitutional right of access to the courts);

*Smith v. Hutchins*, 426 F. App'x 785, 788 (11th Cir. 2011) ("... a criminal defendant who seeks

---

[1] *See* https://kcoj.kycourts.net/CourtNet (last accessed July 24, 2020).  The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), and may consider such information when determining whether a claim must be dismissed for failure to state a claim, *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017-18 (5th Cir. 1996).

to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel.") (collecting cases); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (affirming dismissal of a § 1983 suit by a prisoner because he "had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial.").

Nor do Muse's allegations of inadequate prison conditions state a claim for violation of the Eighth Amendment.  The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks and citation omitted).   While the Constitution "does not mandate comfortable prisons," the Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and...'reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981); *Wilson v. Seiter*, 501 U.S. 294 (1991) (an Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).  However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).

7

An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. Thus, to state a viable Eighth Amendment claim, an inmate must allege that a prison official: 1) was actually aware of a substantial risk that the plaintiff would suffer serious harm; and 2) knowingly disregarded that risk. *Farmer*, 511 U.S. at 837. "[T]o prevail under the subjective component [of an Eighth Amendment claim], a prisoner must allege specific incidents of deliberate indifference by prison officials." *Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005) (citations omitted). Muse does not allege that he has suffered any serious harm from the allegedly inadequate prison conditions, much less that Lawson was actually aware of any risk that Muse would suffer serious harm and knowingly disregarded that risk.

In addition, to the extent that Muse alleges that the WCDC is overcrowded, because "[h]arsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation…, 'extreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012)(quoting *Hudson,* 503 U.S. at 9). Indeed, "overcrowding is not, in itself, a constitutional violation," particularly where, as here, there are no allegations that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation. *Agramonte*, 491 F. App'x at 560 (citations omitted).

Finally, although Muse alleges that other inmates are afraid of retaliation for filing complaints or grievances, these allegations are too speculative to state a claim for an Eighth Amendment violation. In addition, Muse does not allege that he has been threatened or retaliated against, but rather claims that other inmates fear retaliation. However, Muse may not pursue

8

claims on behalf of other inmates.  Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United

States the parties may plead and conduct their own cases personally or by counsel as, by the rules

of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. §

1654.  However, the United States Court of Appeals for the Sixth Circuit has consistently

interpreted § 1654 "as prohibiting pro se litigations from trying to assert the rights of

others."  *Olagues v. Timken*, 908 F.3d 200 (6th Cir. 2018) (collecting cases).  *See also Crawford

v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff

must assert his own legal rights and interests, and cannot rest his claim to relief on the legal

rights or interests of third parties.").  Rather, Muse may only pursue claims in this case made on

his own behalf.

For all of these reasons, Muse's complaint will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that:

> 1.       Muse's motion to proceed *in forma pauperis* **[R. 2]** is **GRANTED**.  Section
> 
> 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set
> 
> forth below.

> 2.       The financial documentation filed by Muse indicates that he lacks sufficient
> 
> income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A),
> 
> and payment of such fee is therefore **DEFERRED**.

> 3.       The Clerk of the Court shall open an account in Muse's name for receipt of
> 
> the filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with
> 
> (a) Muse's name, (b) his inmate registration number, and (c) this case number.  The Clerk
> 
> shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden

of the institution in which Muse is currently confined and upon the Office of the General

Counsel for the Department of Corrections in Frankfort, Kentucky.

       4.      Each month Muse's custodian shall send the Clerk of the Court a payment

in an amount equal to 20% of his income for the preceding month out of his inmate trust

fund account, but only if the amount in the account exceeds $10.00.  The custodian shall

continue such monthly payments until the entire $350.00 filing fee is paid.  28 U.S.C. §

1915(b)(2).

       5.      Muse's Complaint **[R. 1]** is **DISMISSED WITHOUT PREJUDICE**.

       6.      The Court will enter an appropriate judgment.

       7.      This matter is **STRICKEN** from the Court's docket.

This the 28th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge